**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JEFFREY THOMAS ROTTMAN,   )   | |
| ) | Case No. |
| Plaintiff,   ) | |
| ) | |
| v.   ) | **COMPLAINT** |
| ) | |
| I.C. SYSTEM INC.,   ) | |
| ) | **JURY DEMANDED** |
| Defendant.   ) | |

Now comes the Plaintiff, JEFFREY THOMAS ROTTMAN, by and through his attorneys, and for his Complaint against the Defendant, I.C. SYSTEM INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Plano, Texas.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Minnesota, which is licensed to do business in Texas, and which has its principal place of business in Vadnais Heights, Minnesota.

**FACTS COMMON TO ALL COUNTS**

9. On October 17, 2014, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Eastern District of Texas, Case No. 14-42219.

10. On January 21, 2015, an Order of Discharge was entered in Plaintiff's bankruptcy case.

11. Court records confirm that Defendant was provided notice of the discharge by way of electronic transmission by the Bankruptcy Noticing Center.

12. Despite receiving notice of Plaintiff's discharge, Defendant continued to send Plaintiff multiple collection letters for AT&T Uverse, an account that was scheduled and discharged in Plaintiff's bankruptcy.

13. On October 1, 2015, Plaintiff obtained his Experian credit report. Upon reviewing his credit report, Plaintiff discovered that Defendant was reporting an alleged debt to AT&T Uverse as "Seriously past due date/assigned to attorney, collection agency, or credit grantor's internal collection department."

14. Based upon the negative reporting, someone could erroneously conclude that this alleged debt was not discharged in Plaintiff's bankruptcy case, was determined to be non-dischargeable and/or is still due and owing.

15. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

16. Plaintiff's ability to obtain credit is impaired by this reporting and Plaintiff is thereby suffering damages.

17. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

18. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 17 as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

20. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 17 as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information which was known or which should have been known to be false.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

22. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 17 as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information from Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

24. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 17 as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

JEFFREY THOMAS ROTTMAN

By:    /s/ Christopher M. Migliaccio
         Attorney for Plaintiff

Christopher M. Migliaccio
Texas Attorney No. 24053059
Allen Chern Law, LLC
3600 Shire Boulevard
Suite 205
Dallas, Texas 75082
Phone: (972) 205-9750
christopher@wmtxlaw.com